## JOHN D. BAKER, ET AL., *v.* J. W. TANDY, ET AL.

**Highways—Damages on Account of Opening Of.**

Where damages are awarded to the owners of land taken for a highway, such damages must be tendered or paid into court before their land can be taken.

APPEAL FROM CARROLL CIRCUIT COURT.

May 8, 1876.

OPINION BY JUDGE PETERS:

The place of beginning for the change in the road is described in the viewer's report with such certainty as to leave no difficulty in ascertaining it; and taking the line as surveyed as the center of the route, which is made so by law, and the alteration is described by metes and bounds, courses and distances in the report, and the terminus is fixed therein with exact certainty. . There is, therefore, no objection to the report of the viewers; and the court having adopted that as the route for the purposed change in the road, the judgment to that extent is approved.

The sheriff was commanded by the writ of ad quod damnum to summon the jury to meet on the 18th of March, 1874, but if from any sufficient reason the jury could not attend and be sworn on that day, he was directed to summon them to meet on some other day to be fixed by himself, giving due notice to the parties interested. The inquest was held on the 26th of March, 1874, of which, as the sheriff returns show, he gave to appellants due notice. The writ and inquest were returned to court, and no exceptions were taken thereto, for the want of notice of the time and place of the meeting of the jury, or for any irregularity in the proceeding; and if any defects existed they were waived by failing to except in the lower court.

The jury fixed in their verdict what would be a just compensation to each of the appellants for their land taken, and the cost of making the additional fencing by the establishment of the alteration of the road; and they found that no damage would result to the residue of the appellants' lands. The verdict responded to all the requirements of the writ, and seems to be complete.

But there is a fatal defect in the judgment in leaving the sums to be paid to Baker and Darbro respectively in blank. If as it appears they declined to take the damages assessed when tendered to them, the money should have been ordered to be paid into court for them; and placed in their power to receive the compensation for their property whenever they should choose to do so, and not compel them to resort to their actions at law to get it, or to await the pleasure of those who had to pay it. Compensation must be previously made before their land can be taken, or it must be in such a condition that they can get it, when it shall be their pleasure to receive it.

Wherefore the judgment of the circuit court is *reversed* for the

single error pointed out, and the cause remanded with directions to reverse the order of the county court, and for a judgment to be entered in conformity with this opinion.

*W. B. & M. W. Winslow, for appellants.*
*Masterson & Gaunt, for appellees.*